IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LETTIE GUILLIAM, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0013-N |
| | ) | |
| METHODIST OF DALLAS, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified civil action brought by a *pro se* litigant.

Parties: Plaintiff resides in Dallas, Texas. Defendants are Methodist Hospital of Dallas (identified in the complaint as "Methodist of Dallas"), and Dr. Army Kalina. The court did not issue process in this case pending preliminary screening.

Statement of the Case: On January 5, 2009, Plaintiff filed a seven-line complaint alleging that Defendants covered up her son's death on April 27, 2008. She alleges that they interfered with her son's heart causing it to stop and, thereafter, that they lied about her son's death. She requests information on what happened to her son.

On January 8, 2009, the court issued a deficiency order to Plaintiff, notifying her that the complaint failed to comply with Rule 8(a), Federal Rules of Civil Procedure. The order directed Plaintiff to cure the deficiency within thirty days and cautioned her that failure to comply with

the order would result in a recommendation that the complaint be dismissed for failure to prosecute. As of the date of this recommendation, Plaintiff has failed to comply with the deficiency order.[1]

Findings and Conclusions: Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to submit an amended complaint in compliance with Rule 8(a). She has refused or declined to do so. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[2]

---

[1] While Plaintiff failed to comply with a similar deficiency order in *Guilliam v. Adult Protective Services, et al.*, 3:09cv0014-P (also referred to the undersigned for screening), she answered the magistrate judge's questionnaire in *Guilliam v. Walmart Pharmacy*, 3:09cv0015-D (referred to Mag. J. Kaplan for screening). In the latter case, the magistrate judge filed a second questionnaire on February 6, 2009.

[2] Despite the defective nature of Plaintiff's complaint, it appears quite clear that there exists no basis for federal jurisdiction given that those identified as defendants are not state actors, nor is there diversity of citizenship.

2

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 17th day of February, 2009.

                                            WM. F. SANDERSON, JR.
                                            UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.